IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES W. ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOARD OF REGENTS OF )<br>OKLAHOMA STATE UNIVERSITY, )<br>)<br>Defendant. ) | Case Number CIV-07-1242-C |

## MEMORANDUM OPINION

Plaintiff filed this case alleging Defendant violated his constitutional rights by discriminating against him on the basis of his age and retaliating against him in violation of 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff was employed by Defendant in the College of Engineering, Architecture and Technology ("CEAT"), in the county training program. According to Plaintiff, he complained about favoritism his supervisor showed to a third party because the two were having an affair. After Plaintiff's complaints, the supervisor began retaliating against him. Ultimately, Plaintiff was laid off following a restructuring of the county training program. Plaintiff asserts the restructuring was a sham or pretext to provide his supervisor with a means for terminating him in retaliation for the complaints about the affair.

Defendant denies the restructuring or lay-off was a sham or pretext and argues it was due to funding changes made by the Oklahoma Legislature. Defendant argues that regardless of the reasons behind the lay-off Plaintiff cannot prevail because he cannot show he engaged in any protected activity under Title VII. As for the age discrimination claim, Defendant

asserts the undisputed facts demonstrate Plaintiff cannot show the lay-off was pretext for age discrimination. Defendant also challenges Plaintiff's claims arguing the Court lacks jurisdiction because Plaintiff did not file an EEOC charge within 300 days.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144

F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## ANALYSIS

1.  Retaliation

To make out a retaliation claim under Title VII's prohibition on sex discrimination, Plaintiff must show:  "(1) []he engaged in protected activity; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action."  <u>Duncan v. Manager, Dep't of Safety, City and County of Denver</u>, 397 F.3d 1300, 1314 (10th Cir. 2005).  Engaging in protected activity may be divided into two distinct categories:

> "participation or opposition."  <u>Laughlin v. Metro. Wash. Airports Auth.</u>, 149 F.3d 253, 259 (4th Cir. 1998).  The "participation clause" provides that an employer may not retaliate against an employee "because [the employee] has . . . *participated in any manner* in an investigation, proceeding, or hearing under" Title VII.  42 U.S.C.A. § 2000e-3(a) (§ 704(a)) (emphasis added).  "The participation clause is designed to ensure that Title VII protections are not undermined by retaliation against employees who use the Title VII process to protect their rights."  <u>Brower v. Runyon</u>, 178 F.3d 1002, 1006 (8th Cir. 1999).
>
> The "opposition clause," meanwhile, provides that an employer may not retaliate against an employee "because he has opposed any practice made an unlawful employment practice" by Title VII.  42 U.S.C.A. § 2000e-3(a).

<u>Vaughn v. Epworth Villa</u>, 537 F.3d 1147, 1151 (10th Cir. 2008).  Here, Plaintiff's actions fall only within the opposition clause as there is no suggestion he was involved in any proceeding arising under Title VII.  Thus, to make out a prima facie case, there must be

evidence from which a reasonable jury could find Plaintiff opposed a practice made unlawful by Title VII.

Citing Taken v. Okla. Corp. Comm'n, 125 F.3d 1366 (10th Cir. 1997), Defendant argues the actions which Plaintiff allegedly took – complaining about the supervisor's affair – do not fall within the realm of activity made unlawful by Title VII. In Taken, the circuit rejected the plaintiffs' claims that a supervisor's preference of an employee with whom he was having an affair subjected them to sexual discrimination. Id. at 1369-70. The Circuit noted that Title VII's reference to "sex" means delineation based on gender rather than sexual affiliations. Id.

Plaintiff seeks to distinguish Taken, arguing that unlike the plaintiffs in Taken, he was subject to a hostile environment. Even accepting Plaintiff's allegations regarding the actions taken against him as true, which the Court must do at this stage, Plaintiff's arguments are unavailing. As made clear in Taken, the focus under Title VII is why the Plaintiff was subject to an adverse action. To give rise to a Title VII claim, the adverse action must occur because of a complaint about a protected activity. Here, there is no evidence even remotely suggesting the actions taken against Plaintiff would have differed had he been a female. Thus, as in Taken, the hostile actions taken against Plaintiff occurred not because of a trait or other issue prohibited by Title VII, but because of his opposition to the affair. That opposition was not protected under Title VII and so cannot give rise to a retaliation claim. Defendant is entitled to judgment on this issue.

2. Age Discrimination

Plaintiff offers no response to Defendant's arguments regarding his age discrimination claim. Thus, the Court accepts the assertions in Defendant's motion as true, but those assertions must demonstrate Defendant is entitled to judgment. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). In his Complaint, Plaintiff alleged that at least one reason for his termination was his age. To make out a prima facie case for this claim:

> our case law requires a plaintiff affected by a RIF to show that he or she (i) was within a protected age group, (ii) was doing satisfactory work, (iii) was discharged despite the adequacy of his or her work, and (iv) has *some* evidence the employer intended to discriminate against him or her in reaching its RIF decision. Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1165 (10th Cir. 1998). The parties before us proceed on the basis that the fourth element may be satisfied by a showing that, during the RIF, the employer discharged the plaintiff but retained a younger employee who held a "similar position." Id. at 1167.

Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1195 (10th Cir. 2008). Here the only dispute is with the fourth element. As Defendant notes, the only evidence offered by Plaintiff in support of his claim of age discrimination is his statement that he was within the protected class. Thus, the undisputed evidence demonstrates that Plaintiff has no evidence that Defendant intended to discriminate against him because of his age. See Aramburu v. Boeing Co., 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (an employee's "subjective belief of discrimination is not sufficient to preclude summary judgment.").

Even were the Court to determine a prima facie case existed, Defendant has still established its entitlement to judgment on the claim. Defendant has proffered evidence of a legitimate non-discriminatory reason for Plaintiff's termination. Thus, the burden shifts

5

to Plaintiff to show that reason was pretextual.  Id.  To demonstrate pretext, Plaintiff "must present facts suggesting that [Defendant's] proffered age-neutral reason for his dismissal is 'so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reason[ ][is] unworthy of belief.'"  Hinds, 523 F.3d at 1197 (quoting Young v. Dillon Cos., Inc., 468 F.3d 1243, 1250 (10th Cir. 2006)).  In the absence of any evidence from Plaintiff demonstrating flaws in Defendant's reasoning, pretext cannot be shown.  Accordingly, Defendant is entitled to judgment on Plaintiff's age discrimination claim.

The disposition of the issues set forth herein renders moot Defendant's arguments based on the timing of Plaintiff's complaint to the EEOC.

As set forth more fully herein, the undisputed material facts demonstrate that Defendant did not retaliate against Plaintiff in violation of Title VII or discriminate against Plaintiff based on his age.  Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 18) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 17th day of October, 2008.

ROBIN J. CAUTHRON
United States District Judge